IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 12-cv-01247-JLK

MI KYONG BAEK and FRED MIN

    Plaintiffs

v.

ARC INTERNATIONAL NORTH AMERICA HOLDINGS INC., a Delaware Corporation
ARC INTERNATIONAL HOLDINGS INC., a corporation in the nation of France
MODNY, INC., a corporation of the Republic of Korea

    Defendants.

---

Order Granting Motion to Dismiss

---

Defendant Arc International ("Arc") moves to dismiss for lack of personal jurisdiction per Federal Rules of Civil Procedure 12(b)(2). *Doc. 19*. Because I find Arc has insufficient contacts with Colorado to satisfy the constitutional due process requirements that would subject it to the jurisdiction of this Court, I GRANT Defendant's motion and DISMISS WITH PREJUDICE this lawsuit as against Arc.[1]

BACKGROUND

Plaintiffs allege that they purchased a large Luminarc brand glass cooking pot (the "cooking pot") from H-Mart in Aurora, Colorado on or about January 18, 2009. *Doc. 8* at ¶ 6. They allege that on May 19, 2012, Plaintiff Baek was using the cooking pot to boil water when it

---

[1] Defendant ARC International North America Holdings Inc. ("Arc North America") is unaffected by the instant motion, and thus a dismissal against Arc does not sound the death knell for Plaintiff's lawsuit, which will proceed, at least as against Arc North America. It is unclear whether service of process has been effected upon Defendant Modny, Inc. ("Modny"), a corporation of the Republic of Korea.

suddenly broke, causing boiling water to splash upon Plaintiff. *Id. at* ¶ 7. Plaintiffs allege the splashed water gave Plaintiff Baek third degree burns over her thighs, abdomen, and left hand. *Id. at* ¶ 8. Plaintiff Baek underwent surgery and was hospitalized for fifteen days as a result of her burn injuries. *Id.*

According to Plaintiffs, Arc manufactured the cooking pot and Defendant Modny imported it into the United States. *Id.* at ¶ 6. Arc is incorporated under the laws of France with its principal place of business in Arques, France. *Id.* at ¶ 2. Arc North America is a subsidiary of Arc and is a Delaware corporation having its principal place of business in Millville, New Jersey. *Id.* at ¶ 3. Plaintiffs believe Defendant Modny to be chartered and headquartered in the Republic of Korea. *Id.* at ¶ 4.

## LAW AND ANALYSIS

Plaintiffs, as the parties seeking to invoke this Court's diversity jurisdiction over a nonresident defendant, bear the burden of proving personal jurisdiction exists. *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995). Personal jurisdiction over a nonresident defendant in a diversity action exists when jurisdiction is legitimate under the forum state's long-arm statute and when the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir.1999). The Colorado long-arm statute therefore governs the first part of this Court's inquiry. It codifies the "minimum contacts" principles set forth in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and extends the jurisdiction of Colorado courts to the fullest extent permitted by Constitutional due process standards. *Brownlow v. Aman*, 740 F.2d 1476, 1481 (10th Cir.1984).

Personal jurisdiction is proper under the Fourteenth Amendment if a non-resident defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does

not offend 'traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316. The relationship between the defendant and the forum state must be sufficiently strong that it is reasonable to require the defendant to defend the particular suit that is brought there. *Id*. at 317. The reasonableness inquiry focuses on the relationship between the defendant, the forum, and the litigation. *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). Courts analyze the issue of whether the defendant has sufficient contacts with a particular state to satisfy due process under theories of "specific jurisdiction" or "general jurisdiction." *Waterval v. District Court*, 620 P.2d 5, 8-9 (Colo.1980). Whether a non-resident has the requisite minimum contacts to establish personal jurisdiction either through the exercise of specific or general jurisdiction must be evaluated on the facts of each case. *Shanks v. Westland Equip. & Parts Co*., 668 F.2d 1165, 1167 (10th Cir.1982).

General personal jurisdiction arises from a party's "continuous and systematic general business contacts" with Colorado and subjects the party to jurisdiction in Colorado on any claim, regardless of whether that claim arises out of the party's activity within Colorado. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1194 (Colo. 2005). Specific personal jurisdiction, "is properly exercised where the injuries triggering litigation arise out of and are related to 'activities that are significantly and purposefully directed by the defendant at residents of the forum.'" *Id*. at 1194 (citing *Keefe v. Kirschenbaum & Kirschenbaum*, P.C, 40 P.3d 1267, 1271). "[T]he minimum contacts inquiry in regard to specific jurisdiction is essentially a two part test assessing, (1) whether the defendant purposefully availed himself of the privilege of conducting business in the forum state, and (2), whether the litigation "arises out of" the defendant's forum-related contacts." *Id*.

After a plaintiff has established that a defendant has the requisite minimum contacts under either specific or general jurisdiction, "these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Keefe*, 40 P.3d at 1271 (internal quotations omitted). This inquiry "requires a determination of whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is 'reasonable' in light of the circumstances surrounding the case." *Id.* A court may consider several factors in determining whether the exercise of jurisdiction is proper, including the burden on the defendant, the forum state's interest in resolving the controversy, and the plaintiff's interest in attaining effective and convenient relief. *Id*. Where a defendant's minimum contacts with Colorado are weak, "the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Archangel*, 123 P.3d at 1195. Because, for the reasons that follow, I find Plaintiffs cannot show Arc has minimum contacts under either specific or general jurisdiction, I find there is no need to address the "reasonableness" of any imagined personal jurisdiction.

*Arc is not subject to general jurisdiction in Colorado*

Plaintiffs argue that the website www.arc-international.com confers upon this Court general jurisdiction over Arc. Although the existence of a defendant's website, under certain circumstances, may give rise to general jurisdiction, Arc's website does not give rise to personal jurisdiction in this case. Two recent Tenth Circuit cases provide guidance illustrating why not.

In *Montge v. RG Petro-Mach. Group Co. Ltd.*, 701 F.3d 598, 602 (10th Cir. 2012), the court concluded a foreign defendant's maintenance of an English-language website was not a sufficient basis to find general jurisdiction in the forum state of Oklahoma. The *Montge* plaintiff was injured while working on an oil rig manufactured by a Chinese defendant. *Id*. at 602. The

defendant maintained a website, accessible in the forum state, where it provided descriptions of its products and its contact information so that potential customers could request additional information about the products. *Id*. at 616.  In finding that general jurisdiction over the defendant was not proper, the court held that the website did not equate to a physical presence in the forum. *Id.* at 620. The fact that the website provided contact information to communicate directly with a company representative did not change the analysis, nor did the facts that members of the defendant's organization had actually physically visited the forum state on one occasion and that there was a record of emails between the defendant and domiciliaries of the forum state. Here, Plaintiffs can point to even fewer ties between Colorado and Arc than the plaintiff in *Montge* could show between its forum state and defendant.  No physical visits, no record of emails, Plaintiff only offers the contact information Arc has available on its website and the ability of a customer to order merchandise from the website in support of its deficient general jurisdiction argument.

As to the online ordering, that capability in and of itself was rejected as a means of establishing general jurisdiction in *Shrader v. Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011). In *Shrader*, the court found that though the plaintiff purchased a product directly from the defendant's website and demonstrated that at least one other resident of the forum state (Oklahoma, again) had also made a purchase directly from the defendant's website, such was not sufficient to constitute "continuous and systematic general business contacts" for purposes of conferring general jurisdiction.  The Tenth Circuit held that absent a showing that the defendant "actually and deliberately used [its] website to conduct commercial transactions on a sustained basis with a substantial number of residents of the forum," a website having  no intrinsic connection with the forum state will not provide a basis for general jurisdiction. *Id.* at 1245.

*Arc is not subject to specific jurisdiction in Colorado*

As grounds for specific jurisdiction, Plaintiffs contend once more that their website provides the requisite contacts, that Arc's marketing toward Asians is somehow relevant, and that the Colorado long-arm statute is satisfied because Arc "transact[s] business" within Colorado. *See Doc. 23* at 4. These arguments are all unsubstantiated by law and fact, with the Asian marketing theory not far from the realm of preposterous.

As noted above, specific jurisdiction is determined by inquiring (1) whether the defendant purposefully availed himself of the privilege of conducting business in the forum state; and (2),whether the litigation "arises out of" the defendant's forum-related contacts. With respect to the first prong, Plaintiff introduces no evidence to suggest Arc purposefully availed itself of the privilege of conducting business in Colorado. There is no evidence that Arc specifically targeted its website to Colorado or specifically marketed to Colorado in any other way. *Shrader* is explicit that for the existence of a defendant's website to confer jurisdiction, the website must "*intentionally direct*[] his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible there." 633 F.3d at 1240.

Moreover, this litigation does not arise out of Arc's forum-related contacts as a result of the website. Plaintiffs do not allege that they purchased the cooking pot from the website. Plaintiffs do not even allege that a single Colorado resident has purchased any product from Arc's website. Therefore, neither prong of the specific jurisdiction test are met by the website here.

Plaintiffs next incredulously argue that because Arc's website describes a marketing outreach to Koreans and H-Mart sells to Koreans, Arc must have coordinated with the co-defendants to market to the Denver area Koreans shopping at H-mart. The argument is without

factual support or legal authority, and I reject the conjectural leap without further ado. Jurisdiction cannot lie simply because a defendant targets an ethnic group in the United States.

Finally, Plaintiffs merely cite to Colorado's long-arm statute, C.R.S. § 13-1-124(1)(a), and summarily state that Arc "is transacting business both directly via the internet and through its subsidiaries and proxies who conduct business physically in Colorado." *Doc. 23* at 4.  Again, I repeat ad nauseam, the website does not confer jurisdiction.  To the extent Plaintiffs wish to suggest that activities of Defendant Modny, Inc. ("Modny") somehow translate into activities of Arc, such argument is not at all developed in its briefing.  Plaintiffs do not allege that Modny was an agent acting on behalf of Arc.  In fact, Plaintiffs provide no support or argument as to how any activities of Modny can be sufficient to confer jurisdiction over Arc.  Furthermore, in *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S.Ct.2780, 2782 (2011), the Supreme Court expressly discarded the viability of the so-called "stream of commerce theory," to hold that a foreign manufacturer placing its products into the hands of a distributor, knowing that the product may end up in the United States, or even the specific forum, is not sufficient to confer specific jurisdiction.

## CONCLUSION

The links between Plaintiffs and Arc are simply too attenuated to support the exercise of personal jurisdiction.  Accordingly, I GRANT Defendant's motion and DISMISS WITH PREJUDICE this lawsuit as against Arc.

DATED:     February 13, 2013                    BY THE COURT:
                                                */s/John L. Kane*
                                                U.S. Senior District Judge