**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action No. 12-cv-01247-JLK

MI KYONG BAEK and FRED MIN,

    Plaintiffs,

v.

ARC INTERNATIONAL NORTH AMERICA HOLDINGS INC., a Delaware Corporation, and
MODNY, INC., a corporation of the Republic of Korea,

    Defendants.

---

ORDER GRANTING ARC INTERNATIONAL NORTH AMERICAN HOLDINGS, INC.'S MOTION FOR SUMMARY JUDGMENT, Doc. 41, and DENYING MOTION FOR HEARING, Doc. 48.

---

Kane, J.

    Defendant Arc International North America Holdings, Inc. ("Arc") moves for summary judgment per Federal Rule of Civil Procedure 56, Doc. 41. For the reasons that follow, I GRANT the motion.

## I.     INTRODUCTION

    Plaintiffs suffered injuries when a Luminarc brand glass cooking pot ("the Pot") broke while boiling water and scalded Plaintiff Mi Kyong Baek. For purposes of the present Motion, Plaintiffs' injuries are not at issue. The only relevant matter is whether Arc is somehow connected to the Pot (e.g., whether Arc designed, manufactured, sold, distributed, or otherwise had effect either upon the Pot coming into existence or into Plaintiffs' possession). Because no evidence suggests that Arc had any involvement with the Pot, it cannot be liable under any of Plaintiffs' legal theories.

## II.     FACTS

On or about January 18, 2009, Plaintiffs purchased a large Luminarc glass pot from H-Mart in Aurora, Colorado. Defendant Modny, Inc. ("Modny") distributed the Pot to the United States. Default was entered against Modny on March 19, 2013 and judgment against the same entered on January 24, 2014. Defendant Arc International Holdings, Inc. was dismissed from this lawsuit on February 13, 2013. Defendant Arc International Holdings, Inc. and the instant Defendant Arc International *North America* Holdings, Inc. are two separate and distinct entities. Affidavit of Fred Dohn, Chief Executive Officer for Arc International North America Holdings, Inc., at ¶ 3 (emphasis added)  Arc does not manufacture, sell, or distribute any cookware. *Id*. at ¶ 4.  Arc did not design, manufacture, sell, or distribute the Pot.  *Id*. at ¶4-8.

## III.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adamson v. Multi Community Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). A disputed fact is material if it could affect the outcome of the suit under the governing law. *Adamson*, 514 F.3d at 1145. A factual dispute is genuine if a rational jury could find for the nonmoving party on the evidence presented. *Id.* The moving party bears the burden of showing that no genuine issue of material fact exists. *Adamson*, 514 F.3d at 1145. Where, as here, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden by showing a lack of evidence for an essential element of the nonmovant's claim. *Id.* In deciding whether the moving party has carried its burden, I may not weigh the evidence and must view the evidence and draw all reasonable inferences from it in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Adamson*, 514 F.3d at 1145. Neither

unsupported conclusory allegations nor a mere scintilla of evidence in support of the nonmovant's position are sufficient to create a genuine dispute of fact. *See Mackenzie v. City and County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005); *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997).

## IV.   DISCUSSION

In this product liability lawsuit, each of Plaintiffs' claims share the threshold requirement, whether explicitly required by applicable statute or by logic, that Arc either designed, manufactured, distributed, sold, or was otherwise involved with the Pot.  As stated above, Arc presented affidavit evidence that it did not have any involvement with the Pot. Plaintiffs do not question the authenticity or veracity of the affidavit and, indeed, ignore its existence entirely in their Response to the Motion for Summary Judgment.  Instead, offering no evidence to contradict Mr. Dohn's testimony, they baldly state without justification that they need discovery to explore the question of Arc's involvement with the Pot.  Plaintiffs had over four months from the time that initial disclosures were exchanged to serve discovery to learn more about Arc, but did not deign to do so.

"[W]here the moving party presents affidavits, or depositions, or both, which taken alone would entitle him to a directed verdict, if believed, and which the opposite party does not discredit as dishonest, it rests upon that party at least to specify some opposing evidence that he can adduce which may reasonably change the result." *Zampos v. United States Smelting, Refining & Mining Co.*, 206 F.2d 171, 174 (10th Cir. 1953).  If there is no such opposing evidence, then the moving party is entitled to a directed verdict or summary judgment. *Id.* at 174-76. Here, Plaintiffs have failed to present any evidence suggesting that Mr. Dohn's affidavit is dishonest or inaccurate. Plaintiffs have failed to present any evidence opposing Mr. Dohn's

affidavit testimony that Arc had no involvement with the Pot. Therefore, through the unchallenged affidavit of Mr. Dohn, there is no genuine dispute of material fact that Arc did not design, manufacture, distribute, or sell the Pot. Accordingly, it is proper to grant summary judgment in favor of Arc with respect to each of Plaintiffs' claims.

Insofar as Plaintiffs imply that they should be able to conduct discovery to learn if there is another company affiliated with Arc that might be liable regardless of Arc's involvement (or lack thereof), the argument is rejected. First, Plaintiffs have had ample time, including that elapsed before filing their Complaint up to now, to determine the proper parties. Second, Plaintiffs have presented no evidence suggesting they have not already named the correct defendants. Plaintiffs named Arc International, Modny, and Arc. Arc had no involvement with the Pot; Arc International was the manufacturer, which was dismissed for lack of personal jurisdiction; and Modny was the distributor, which has a default judgment against it. Curiously, Plaintiffs knew about, but did not name the retailer, H-Mart.

## V.     CONCLUSION

Because Arc had no involvement with the Pot, it is entitled to summary judgment. I GRANT Arc's Motion for Summary Judgment, Doc. 41. Accordingly, Arc's Motion for Hearing, Doc. 48, is DENIED as MOOT.

DATED:     August 4, 2014          BY THE COURT:

                                   *s/John L. Kane*
                                   John L. Kane, U.S. Senior District Judge